UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO TORRES, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>KEY ENERGY SERVICES, LLC, )<br>)<br>Defendant. )<br>) | Case No.: 1:15-cv-00103 AWI JLT<br><br>ORDER STAYING THE ACTION |

On May 8, 2015, the Court held a scheduling conference at which the parties discussed whether the matter should be stayed. Through filings in advance of the hearing, Defendant advised the Court that a similar case raising similar class and collective claims had been filed in the Central District of California and the motion for class certification was pending. (Doc. 15 at 8-10) Defendant urged that the matter should be stayed until the Central District ruled. Because Plaintiff had not had an opportunity to consider or brief whether the action should be stayed, the Court authorized the parties to file briefs on the topic. In response, Mr. Torres now indicates that he agrees that the matter should be stayed to allow the determination of the class claims in the Central District. (Doc. 17) For the reasons set forth below, the Court **STAYS** this action.

I.     **The Court has the authority to stay the action**

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936); see also <u>Gold v. Johns–Manville Sales Corp.</u>, 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." <u>Landis</u>, 299 U.S. at 254–55.  In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed.  <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir.1962).

As noted above, the case in the Central District, <u>Grillo v. Key Energy Services, LLC</u>, No. 2:14-cv-00881 AB AGR, raises issues in common with the instant matter.  Defendant notes, "the *Torres* Action involves claims for unpaid wages, non-compliant wage statements, and unpaid meal period premiums, each of which the plaintiffs in the *Grillo* Action are attempting to certify through the Motion for Class Certification. Thus, the outcome of the Motion for Class Certification will dictate whether and on behalf of whom the claims in the Torres Action may proceed. To avoid duplicative efforts by the Parties and the Court, the Court should stay the Torres Action pending resolution of the Motion for Class Certification."  (Doc. 18 at 2) In addition, the Court notes that the <u>Grillo</u> matter raises a PAGA claim which is also raised here.

Considering the factors set forth above, the Court finds that staying the action would pose no hardship on any party; to the contrary it would relieve the hardship on Defendant from having to engage in discovery that would duplicate the <u>Grillo</u> discovery.  Likewise, it would relieve Plaintiff from having to expend resources to discover this case when, it appears, his rights—and those of the class he seeks to represent—may be vindicated in the <u>Grillo</u> matter.  There appears to be no claim that prejudice would result from the stay and, in light of the discovery effort expended in the <u>Grillo</u> matter, it does not appear there is any risk of prejudice.  Finally, allowing the difficult class issues to be resolved in the Central District without duplicating this effort here, is a wiser use of judicial resources and would conserve the very limited resources existing in the Eastern District.  Thus, the matter will

1 | be **STAYED**.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The matter is **STAYED**;

2. **No later than September 7, 2015 and every 45 days thereafter until the stay is lifted**, the parties **SHALL** file a joint statement that details the status of the Grillo v. Key Energy Services, LLC, No. 2:14-cv-00881 AB AGR matter and describes their positions on whether the stay should be lifted.

IT IS SO ORDERED.

Dated:   **May 19, 2015**                          /s/ Jennifer L. Thurston
                                                             UNITED STATES MAGISTRATE JUDGE